ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| GLORIA MUÑIZ BÁEZ<br><br>Apelante<br><br>V.<br><br>GRANDMA STEAKHOUSE, JOHN DOE, JANE DOE, SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, CORPORACIÓN ABC, CORPORACIÓN DEF, CORPORACIÓN XYZ, MAPFRE PRAICO INSURANCE COMPANY, ASEGURADORA ABC, ASEGURADORA DEF, ASEGURADORA XYZ<br><br>Apelados | KLAN202400294 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2023CV00479<br><br>Sobre: Responsabilidad Civil Extracontractual -Daños y Perjuicios |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 26 de abril de 2024.

Comparece la señora Gloria Muñiz Báez, en adelante la señora Muñiz o la apelante, quien solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla, en adelante TPI. Mediante la misma, el TPI declaró ha lugar la moción de desestimación presentada por Grandma Steakhouse, Mapfre Praico Insurance Company y otros, en adelante los apelados y, en consecuencia, desestimó la demanda sin perjuicio.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción y, por incumplimiento del Reglamento del Tribunal de Apelaciones.

**-I-**

En el contexto de una *Demanda* sobre responsabilidad extracontractual, daños y perjuicios, presentada por la señora Muñiz contra los apelados, la apelante alegó que resbaló sobre un líquido en el piso del restaurante Grandma Steakehouse y que en el área del accidente no había ningún letrero que alertara a los clientes sobre la sustancia en el suelo. Como resultado de la caída, adujo que sufrió daños que ascienden a $400,000.00.

En lo aquí pertinente, la señora Muñiz presentó su recurso de *Apelación Civil*. Este tribunal no pudo determinar su jurisdicción para atender el recurso porque la apelante no incluyó copia de la *Sentencia* apelada.

Como consecuencia de lo anterior, le concedimos término a la apelante para mostrar causa por la cual no debiéramos desestimar el recurso por falta de jurisdicción, por incumplimiento con la Regla 83(B)(1) y (3) del Reglamento del Tribunal de Apelaciones.[1]

Oportunamente, la señora Muñiz presentó un *Escrito en Cumplimiento de Resolución de 3 de abril de 2024*. Sin embargo, no cumplió con la orden en cuestión; es decir, no presentó copia de la *Sentencia* apelada. En cambio, se limitó a presentar una copia ponchada de la carátula de su escrito apelativo.

Por su parte, los apelados presentaron una moción de desestimación por falta de jurisdicción. Adujeron, en esencia, que el recurso incumplió con múltiples disposiciones del Reglamento del Tribunal de

---

[1] Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(B)(1).

Apelaciones, entre otras, no haber notificado a la parte adversa en el término de cumplimiento estricto, que contempla la Regla 13 (B) de nuestro reglamento, *supra*.[2]

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones establece:

> La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.
>
> La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[3]

Contrario al término de naturaleza jurisdiccional, que le confiere autoridad a un foro adjudicativo para resolver una controversia y su inobservancia no admite justa causa, el término de cumplimiento estricto es prorrogable, por lo que puede acortarse o extenderse.[4]

Sin embargo, la extensión de un término de cumplimiento estricto no es automática.[5] Ello procede por excepción, solo cuando la parte que lo solicita demuestra justa causa para la tardanza.[6] En otras palabras, solo procede prorrogar un término de cumplimiento estricto cuando: (1) en efecto exista

---

[2] Regla 13(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(B).
[3] Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(B)(1).
[4] *Toro Rivera et als. v. ELA et al.,* 194 DPR 393 (2015).
[5] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[6] *García Ramis v. Serrallés,* 171 DPR 250 (2007). Véase, además, *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 171 (2016).

justa causa para la dilación; y (2) la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, acreditando adecuadamente la justa causa aludida.[7]

Así pues, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha resuelto consecuentemente que, "la justa causa se acredita mediante explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora".[8]  "[N]o constituyen justa causa las 'vaguedades y las excusas o planteamientos estereotipados'".[9]  Así pues, "[a]l justipreciar las razones ponderadas por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la evidencia que lo sustentan".[10]  No valen "justificaciones genéricas" carentes de detalles.[11]

Además, de conformidad con lo anterior, el TSPR apercibió a los abogados y las abogadas de Puerto Rico sobre la importancia de observar los términos de cumplimiento estricto, mediante el siguiente recordatorio:

> [S]e le recuerda a la clase togada que es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto. En el caso específico del derecho procesal apelativo, este incumplimiento impide la revisión judicial ya que ocasiona que no se perfeccionen sus recursos apelativos.[12]

---

[7] *Rivera Marcucci v. Suiza Dairy*, *supra*, pág. 171; *Soto Pino v. Uno Radio Group*, *supra*, pág. 93; *García Ramis v. Serrallés*, *supra*.
[8] *Rivera Marcucci v. Suiza Dairy*, *supra*, págs. 171-172.
[9] *Id.*, pág. 172.
[10] *Id.*
[11] *Id.*
[12] *Soto Pino v. Uno Radio Group*, *supra*, pág. 97. (Énfasis en el original y suplido).

Finalmente, en lo aquí pertinente, "[l]a falta oportuna de notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación".[13] Así pues, "[e]l recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora".[14]

**B.**

El TSPR ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[15] Así, el tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[16] Además, si un tribunal carece de jurisdicción también carece de discreción para asumir jurisdicción donde la ley no la confiere.[17] En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[18]

**C.**

Por otro lado, la Regla 83 (B) (1) y (3), así como el inciso 83 (C) del Reglamento del Tribunal de Apelaciones disponen:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

---

[13] *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019).
[14] *González Pagán v. SLG Moret-Brunet*, *supra*, págs. 1071-1072.
[15] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[16] *Ruiz Camilo v. Trafon Group Inc.*, *supra*, pág. 269.
[17] *Id.*
[18] *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

(1) que el Tribunal de Apelaciones carece de jurisdicción;

…

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

. . . . . . . .

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[19]

**D.**

Cabe destacar que el TSPR, enfáticamente, ha exigido el cumplimiento de las leyes y los reglamentos aplicables al perfeccionamiento de los recursos apelativos.[20] Así pues, es norma reiterada en nuestro ordenamiento jurídico que "[l]os abogados [y abogadas] vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos".[21] Del mismo modo, "los requisitos de notificación son imperativos[,] ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía".[22]

**-III-**

Los apelados solicitan la desestimación del pleito, en tanto la señora Muñiz "radicó, de manera frívola y temeraria, la Apelación, toda vez que incumplió los requisitos de forma y jurisdicción de este Honorable Foro." Les asiste la razón. Veamos.

---

[19] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).
[20] *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).
[21] *Soto Pino v. Uno Radio Group, supra,* pág. 90 (citando a *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975)).
[22] *Soto Pino v. Uno Radio Group, supra.*

De los documentos que obran en autos se desprende que la apelante incumplió con varias disposiciones del Reglamento del Tribunal de Apelaciones, *supra*. Entre estas, contrario a la Regla 13(B)(1), la apelante no notificó el escrito de apelación completo a dos de las partes apeladas. Solo notificó a estas la portada y el ponche del Tribunal de Apelaciones.[23] Esto es suficiente para desestimar el recurso por falta de jurisdicción.

Pero hay más. La apelante no anejó en el apéndice copia de la *Sentencia* apelada. Ello ha impedido a este foro determinar si tiene jurisdicción para atender el recurso.

Ahora bien, a pesar de que le concedimos la oportunidad, la señora Muñiz no ha expuesto de forma detallada la justa causa para la inobservancia, tanto la relativa a la falta de notificación del recurso a dos de las partes, como la inclusión de la copia de la *Sentencia* apelada en el apéndice del recurso de epígrafe. De lo anterior, es forzoso concluir que el recurso se ha proseguido sin diligencia y que, además, carecemos de jurisdicción para atenderlo.

Para terminar, conviene recordar que "[l]as disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados".[24] Cónsono con lo anterior, el TSPR ha resuelto que el cumplimiento fiel de las leyes y reglamentos aplicables es indispensable para el perfeccionamiento

---

[23] Apéndice de los apelados, págs. 114-115.
[24] *Isleta v. Inversiones Isleta Marina*, *supra*.

de los recursos; solo así se puede colocar al Tribunal Apelativo "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[25]

## -IV-

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción y por incumplimiento del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] *Soto Pino v. Uno Radio Group, supra.*